Nash & Lentz, for plaintiff.

J. J. Stoddart, for defendant.

---

(Paulding County Court of Common Pleas.)

CHILDS, GROFF & CO. v. FILMAN BROS. et al.

---

1. *Power of court over its records.*—The common pleas court has jurisdiction over its own records and journals, and may, when necessary to protect a party in his rights, vacate a journal entry showing the allowance and signing of a bill of exceptions, and strike such bill from the files.

2. *Striking bill of exceptions from files.*—The court will exercise its jurisdiction to correct its journal and make it speak the truth, and strike from the files a bill of exceptions, in a case, on motion of a party injured, when it is made to appear the party complaining has not had an opportunity to examine the bill before it was allowed and signed, and that the bill is untrue in a material part, to the prejudice of the party complaining.

3. *Relief granted after term time.*—In such a case the court will grant the injured party relief, notwithstanding a petition in error in the case, has been filed in the circuit court, and the term at which the cause was tried in the court of common pleas, has adjourned sine die.

(Decided July, 1895.)

---

SNOOK, J.

This action was begun on the 12th of September, 1893, the petition being filed on that date, and the pleadings were all filed before the January term, 1894, at which time an agreed statement of facts was prepared, signed and filed, which contained all the evidence in the case upon which it was submitted to the trial court. On January 31, 1894, the case was tried, and resulted in a finding and decree in favor of the plaintiff, Childs, Groff & Co., to which finding and judgment Berdan & Co., then, in due form, excepted. The bill of exceptions was then filed, and within the

time provided by statute, presented to the trial judge to be signed, and on presentation it was signed. A journal entry in due form showing the signing and allowance of the bill of exceptions, was made, filed and recorded in the journal of the court of common pleas. On the 8th day of March, 1894, the bill of exceptions was filed, and on the 10th day of the same month a petition in error in the case was filed in the circuit court.

Between the January term of 1894 and the September term of the court of common pleas, the April term of that court intervened. On July 26, 1894, and during the April term of the court, Childs, Groff & Co. filed a motion in the court of common pleas to vacate and set aside the order of the court showing the allowance of the bill of exceptions in the case and to strike said bill of excpetions from the files for the reasons:

First—That the bill had not been presented to the attorney of Childs, Groff & Co. within the time fixed by law for presenting the same to the opposite counsel, nor at all before it was signed and allowed by the trial judge, and because said bill as allowed and signed was, in fact, not a true bill.

At the September term of the court of common pleas the question arising on the above motion were presented, heard and decided. At the hearing on the motion evidence was offered tending to show that the bill had not been presented to the attorney of Childs, Groff & Co. at any time before it was signed and allowed; that the judge, before signing the same, had supposed it had been presented to the plaintiff's counsel, that there was no objection to the bill, and that it was a true bill; that it did not contain all of the evidence, and that material evidence in support of the plaintiff's case was omitted from the bill. No counter evidence was offered upon the hearing of the motion. At the hearing on the motion it was agreed by counsel for Berdan & Co. that the bill of exceptions having been allowed, signed and filed in the circuit court and the petition in error filed in that court, the case had been removed from the common pleas court, and it was no longer within the jurisdiction of the trial court to make the order asked for by the plaintiff's motion.

So far as we have been able to ascertain, the precise question presented has never been decided in Ohio, or, if it has, we have been unable to find any report of the decision. The proof in the case establishes the following facts:

First—That the bill of exceptions was never presented to plaintiff's counsel before it was given the trial judge to be signed, or before it was signed by him;

Second—That the judge, when he signed the bill, was led to think it had been shown to counsel for plaintiff and was satisfactory to him; and

Third—That he bill was not a true bill, and had omitted from it a part of the statement of facts above referred to, which was material to the plaintiff's case.

Clearly then, it seems to us, a wrong was done to the plaintiff for which he should be afforded some remedy. Without a meaans to right such a wrong, the grossest frauds might, with impunity, be practised upon parties as well as upon the court, in procuring the allowance and signing of bills of exceptions, of such a character as to defeat justice and defraud a party out of his rights, and prostitute the means provided by law to secure a just review of cases, by the higher courts, to base and wrongful purposes.

Since there is, then, confessedly, a wrong to be righted, what is the remedy? Must the party aggrieved go to the circuit court to have the wrong of which he complains righted?

We think not. We do not see how the question could be raised in that court. The only thing that is of weight or value in that court by which it can be determined whether the bill has been allowed, or is a true bill, is the journal entry in the common pleas court containing the order of that court showing the allowance of that bill, and that is conclusive until vacated or set aside, by some appropriate proceeding for that purpose. To the order of the common pleas court, alone, will the circuit court look, and if that shows the allowance of the bill as a true bill, that court will go no further, nor will that court permit its impeachment by evidence de hors the record. It is plain, therefore, that whatever remedy a party has, in such a case, must be found within the jurisdiction of the trial court.

And that court has jurisdiction over the questions raised by such a motion, and may afford an injured party full and adequate relief. The power of the trial court to grant relief in such a case is not affected by the fact that a petition in error has been filed in the circuit court in the case, nor that the term of the common pleas, at which the cause was tried, has adjourned sine die. But when it is made to appear, by proof, that a bill of exceptions has been allowed and signed which is not true in fact, that the party complaining did not have opportunity to examine the bill before it was allowed and signed, that the particular in which the bill is untrue is material, and the matter omitted from or injected into the bill is prejudicial to the party complaining, the trial court, in the exercise of its right to make its journals speak the truth, will, on motion of the party injured, undo the wrong, set the unjust and improper order showing the allowance and signing of the bill aside, and so correct the records and journals in the trial court that the party injured shall have restored to him any right or remedy out of which he had been cheated by the trial judge allowing and signing such untrue and unjust bill. The remedial arm of the court is not too short to prevent so great a fraud, or if it be a mistake, to correct an error productive of so great harm. Railroad v. Culberson (Texas Court of Appeals), 13 American State, 805.

Since this case was decided in the common pleas, the action of that court has been reviewed in the circuit, by petition in error, and the trial court's decision affirmed.

W. F. Corbett, for Childs, Groff & Co.

Thomas & Hiat, contra.